UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**MELVIN K. CRAWLEY, #341704**

        **Petitioner,**

v.                                                          2:07CV332

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

        **Respondent.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254.  The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

#### A.   Background

On October 15, 2002, in the Circuit Court for the City of Portsmouth, Virginia, petitioner was convicted of possession with intent to distribute cocaine and sentenced to serve twelve years imprisonment. Petitioner appealed his conviction to the Virginia Court of Appeals, which denied the petition on November 1, 2004, as untimely, and on November 22, 2004, a petition for rehearing was denied.  Petitioner's appeal in the Supreme Court of Virginia was denied on March 8, 2005, and a petition for rehearing was denied on April 29, 2005.

On August 18, 2005, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, alleging: (1) ineffective assistance of counsel because counsel failed to perfect petitioner's appeal in the Virginia Court of Appeals and because petitioner was denied his right to appeal in the Supreme Court of Virginia, due to the denial of his

appeal in the Virginia Court of Appeals; and (2) counsel was ineffective because he failed to investigate and interview individuals who had allegedly been provided drugs by petitioner.  On March 21, 2006, the Supreme Court granted leave for petitioner to file a delayed appeal in the Virginia Court of Appeals.  The Supreme Court did not consider the merits of petitioner's second claim of ineffective assistance of counsel (Claim 2), but the court stated, "[t]he decision . . . is without prejudice to the petitioner's right to file a subsequent petition for a writ of habeas corpus limited to the ground or grounds assigned in the present petition." Crawley v. Commonwealth, Va. S.Ct. Ord., Rec. No. 051809 (March 21, 2006).

Petitioner filed a delayed appeal in the Virginia Court of Appeals, but the appeal was denied on October 26, 2006.  On December 12, 2006, petitioner appealed to the Supreme Court of Virginia, but on April 4, 2007, the appeal was refused.  In the Order of March 21, 2006, granting petitioner a delayed appeal, the Supreme Court of Virginia indicated that petitioner had the right to file a subsequent habeas petition, but petitioner did not to do so.

On July 19, 2007, petitioner filed a petition for writ of habeas corpus in this Court, and on September 13, 2007, respondent filed a motion to dismiss and Rule 5 answer.  This matter is now ripe for consideration.

### B.  Grounds Alleged

Petitioner alleges the following grounds:

1. Ineffective assistance of counsel because counsel failed to present petitioner's case, at trial, as an experienced attorney should;

2. Ineffective assistance of counsel because counsel failed to properly investigate the case;

3. Illegal arrest; and

4. Ineffective assistance of counsel on direct appeal because counsel failed to perfect the appeal.

## II.  FINDINGS OF FACT AND CONCLUSIONS OF LAW

This case is a mixed petition and should be dismissed as a matter of law.  Claim 1, ineffective assistance of counsel due to counsel's failure to properly present the case at trial, has never been presented to the Supreme Court of Virginia.  However, were petitioner to raise the claim now in state court, the claim would be barred, thus it is simultaneously exhausted and procedurally defaulted in this Court.  Claim 2, that counsel was ineffective because he failed to properly investigate the case, was raised in petitioner's habeas petition in the Supreme Court of Virginia.  However, the Supreme Court of Virginia did not address the merits of the claim because it granted petitioner leave to file a delayed appeal.  In its ruling, the Supreme Court informed petitioner of his right to file a subsequent petition, in which he could again raise the claim.  Unfortunately, petitioner chose not to do so, therefore, the claim has not been exhausted.  While Claims 3 and 4 have been presented to the state's highest court, this Court is unable to address a mixed petition.  Rose v. Lundy, 455 U.S. 509 (1982).

By Order of March 14, 2008, the Court advised petitioner that his petition presented claims that had not been presented to the state's highest court and the possible consequences of such action.  On March 19, 2008, petitioner responded by filing a motion to withdraw in order to exhaust his available state court remedies.  Because the petition is mixed and because petitioner has moved to withdraw the petition in its entirety, the petition should be DISMISSED, without prejudice to petitioner's right to file at a later date.

## III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and

3

respondent's motion to dismiss be GRANTED.  It is further recommended that the Court decline to issue any certificate of appealability required by Rule 22(b) of the Federal Rules of Appellate Procedure.

### **IV.  REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  See Thomas v. Arn, 474 U.S. 140 (1985); Carr

v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

                                                                             /s/
                                          **James E. Bradberry**
                                          **United States Magistrate Judge**

**Norfolk, Virginia**

**March 20, 2008**

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Melvin K. Crawley #341704
    Southampton Correctional Ctr.
    14545 Old Belfield Rd.
    Capron, VA 23829
    ___

    Karri B. Atwood, Esq.
    Assistant Attorney General of Virginia
    900 E. Main Street
    Richmond, VA  23219

    Fernando Galindo, Clerk

By _____
             Deputy Clerk

_____, 2008